# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PAMELA Y. DOMINICK,

    Plaintiff, : Case No. 3:11-cv-446

                                          District Judge Walter Herbert Rice
  -vs-                              Magistrate Judge Michael R. Merz

                                      :

DEPARTMENT OF THE AIR FORCE,

    Defendant.

## REPORT AND RECOMMENDATIONS

This is an employment discrimination case in which Plaintiff claims she was terminated from civil service employment with the Department of the Air Force on the basis of her race.

The Clerk accepted this case for filing without either the required filing fee of $350.00 or an application for leave to proceed *in forma pauperis*. However, rather than requiring Plaintiff to provide either, the Magistrate Judge recommends this case be dismissed with prejudice as barred by the statute of limitations.

A statute of limitations defense may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when it is apparent on the face of the complaint. *Pierce v. County of Oakland*, 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989). Indeed, the Court can raise the statute of limitations bar *sua sponte*. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Plaintiff pleads that she was terminated from her employment about August 1, 1993 (Complaint, Doc. No. 1, page 3.) She did not file her Complaint in this Court until December 22,

1

2011. Title VII of the 1964 Civil Rights Act is the exclusive remedy for discrimination in federal employment. *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006)*; Brown v. General Services Administration*, 425 U.S. 820 (1976). Under Title VII an employee claiming discrimination in employment must raise that claim administratively within a short time after the claim arises and then complete exhaustion of the administrative process before coming to federal court. Plaintiff makes no mention in her Complaint of any administrative claim and the time for doing so has long since expired.

It is therefore respectfully recommended that the Complaint be dismissed with prejudice as barred by the statute of limitations.

December 23, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).